IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MCKENNA, | : | CIVIL ACTION |
| WILLIAM MCKENNA, and | : | |
| RAYMOND CARNATION | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NOS. 98-5835, 99-1163 |

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
PLAINTIFFS' EXPERT ANDREW VERZILLI AND TO
PRECLUDE PLAINTIFFS FROM SEEKING TAX IMPACT RELIEF

I.     INTRODUCTION

On February 8, 2009, relying on the Third Circuit Court of Appeals' decision in Eshelman v. Agere Systems, Inc., No. 05-4895, 2009 WL 223858 (3d Cir. Jan. 30, 2009), Plaintiffs filed a one-page "Notice of Intent to Seek Tax Impact Relief" and declared their intent to introduce testimony from Andrew Verzilli, a previously unnamed expert witness, to support that new damages claim.

Plaintiffs' efforts to now seek tax impact relief for Mr. Carnation and to offer an expert on that issue must be rejected.[1]  The Third Circuit did not make new law when it decided Eshelman.  Plaintiffs in this circuit have been able to recover additional equitable relief to compensate for the negative tax consequences of a lump sum back pay award since the 1980s. However, it has long been held that to receive the additional relief, a plaintiff must support his claim with expert testimony regarding the tax effects of his award.  Here, unlike the plaintiff in

---

[1] Plaintiffs' "Notice" appears to seek tax effects relief on behalf of all three Plaintiffs.  However, Eshelman makes clear that such relief is only available, in appropriate cases, to supplement a back pay award.  Eshelman, 2009 WL 223858, at *12.  Accordingly, Plaintiffs' request can only apply to Plaintiff Carnation, who is the only Plaintiff potentially eligible for a back pay award.

Eshelman, Plaintiffs never declared an expert on damages prior to trial. As a result of the Plaintiffs' failure to comply with the Federal Rules of Civil Procedure, this Court has already ordered that Plaintiffs would not be permitted to call any expert witnesses at trial, which is fatal to their claim for tax impact relief. Consequently, Defendant's motion should be granted, and Plaintiffs should be precluded from calling Mr. Verzilli and from seeking "tax impact relief."

II.     ARGUMENT

      A.     Tax Effects Damages Have Been Available For Years, But Must Be Properly Supported By Expert Testimony.

Plaintiffs appear to assert that the Third Circuit's recent decision in Eshelman v. Agere Systems, Inc., No. 05-4895, 2009 WL 223858 (3d Cir. Jan. 30, 2009), somehow created new law which should allow them to now seek new relief and name an expert in the middle of trial to support that new damages claim. However, Eshelman did not create new law regarding the potential eligibility of plaintiffs for relief from the negative tax consequences of a lump sum back pay award. In fact, as far back as 1987 the Third Circuit permitted such relief to be granted to a prevailing plaintiff. See Gelof v. Papineau, 829 F.2d 452, 455 (3d Cir. 1987) (vacating and remanding for further proceedings on calculation of back pay tax effects award). Indeed the district courts of this circuit have been granting this type of relief for years. See O'Neill v. Sears, Roebuck & Co., 108 F. Supp. 2d 443 (E.D. Pa. 2000) (granting relief for negative tax consequences where plaintiff properly offered expert testimony).[2] Eshelman was merely the Third Circuit's first opportunity to specifically state that such relief was proper, and the Court

---

[2] Even the district court's decision in Eshelman – upon which Plaintiffs now rely and which granted the same relief that Plaintiffs now seek – came down in 2005, long before the present case went to trial, and well before the deadline for declaring expert witnesses in this case had passed. (See Dkt. No. 81 in Case No. 03-1814, Order of 10/21/2005). Thus, at a minimum, Plaintiffs had notice that tax relief was available, and had ample time to comply with the Rules of Civil Procedure in declaring an expert to support such a claim.

did not deviate from the status quo established by its previous precedent and that of the district courts of this circuit.

Furthermore, expert testimony has always been *required* to prove an entitlement to tax relief damages. In <u>Shovlin v. Timemed Labeling Sys., Inc.</u>, Civ. A. No. 98-4808, 1997 U.S. Dist. LEXIS 2350 (E.D.Pa. Feb. 27, 1997), the court denied tax-based relief because the plaintiff had failed to provide expert testimony supporting his claim:

> [A]t the trial in this case, there was no testimony by a tax expert calculating the "negative tax consequences" to the Plaintiff in the future in connection with an award of back pay and front pay and this court is not inclined to engage in the speculative task of determining the Plaintiffs' future tax liability.

<u>Id.</u> at *7.  Likewise, in <u>Anderson v. Consolidated Rail Corp.</u>, Civ. A. No. 98-6043, 2000 WL 1622863 (E.D. Pa. Oct. 25, 2000) the court refused to compensate the plaintiff for the negative tax consequences of her award because she had failed to present expert testimony.  The court found that it would be "far too speculative" to award such relief where plaintiff had produced no expert testimony so that a "calculation regarding the increased tax liability could be done based on more than mere conjecture."  <u>Id.</u> at *5.

In <u>Eshelman</u>, the Third Circuit held that in certain cases, district courts could exercise their discretion to supplement a Plaintiff's front and/or back pay award to account for the negative tax consequences of lump sum payment.  However, the Third Circuit also noted that such relief was not appropriate in every case, and would only be granted where the plaintiff had carried his burden of proving an entitlement to a tax supplement:

> We hasten to add that in so holding, we do not suggest that a prevailing plaintiff in discrimination cases is presumptively entitled to an additional award to offset tax consequences above the amount to which she would otherwise be entitled.  **Employees will continue to bear the burden to show the extent of the injury they have suffered.**

Eshelman, 2009 WL 223858, at *13 (emphasis added).  To satisfy her burden, plaintiff Eshelman submitted an affidavit from her properly-disclosed and named "economic expert who calculated the amount of tax-effect damages based upon the back pay award, the applicable tax rates, and Eshelman's income tax returns for the appropriate years." Id.  In sum, for over 20 years it has been the law of this Circuit that tax effects relief is available to plaintiffs who properly support such a claim with expert testimony.

> B. Plaintiffs Failed To Name Any Damages Expert Within The Timeframe Required By The Rules Of Civil Procedure.

The problem with Plaintiff Carnation's request to recover tax impact relief is that he failed to properly designate any expert to address this issue prior to trial as required by the Rules of Civil Procedure and this Court's scheduling orders.  Indeed, the Court has already addressed this precise issue, and has ruled that Plaintiffs may not call experts at trial.  This issue was specifically raised by Defendant during pre-trial proceedings, and the court specifically held that:

> Because the plaintiffs have not submitted any expert reports or identified any witnesses as experts, **they may not present any expert opinion during the trial.**

(Order of May 1, 2008, Dkt. 132 in Case No. 98-5835, at ¶ 17) (emphasis added).  (A copy of this Order is attached as Exhibit A).  Plaintiffs' eleventh-hour efforts to circumvent this Court's Order by naming an expert now should not be permitted.

Federal Rule of Civil Procedure 26(a)(2)(A) mandates detailed disclosures for expert witnesses.  Furthermore, such disclosures must be accompanied by a written report signed by the proposed expert, and must contain the following information:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

> (ii) the data or other information considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Unless otherwise stipulated by the parties or ordered by the Court, a party must make its expert disclosures and provide the other side with its reports **at least 90 days before the start of trial.** Fed. R. Civ. P. 26(a)(2)(C) (emphasis added). When a party fails to abide by the expert disclosure requirements, the court may impose sanctions, including the exclusion of evidence. Fed. R. Civ. P. 37(c).

The Third Circuit has identified the following four factors to be considered in determining whether to exclude evidence under Rule 37:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified;
>
> (2) the ability of that party to cure the prejudice;
>
> (3) the extent to which waiver of the rule would disrupt the orderly and efficient trial of the case or of other cases in the court; and
>
> (4) bad faith or willfulness in failing to comply with the court's order [or scheduling requirements].

Velez v. QVC, Inc., No. 00-5582, 2004 WL 1175726, at * 1 n.1 (E.D. Pa. May 25, 2004) (citing Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977)).

Accordingly, when a party has failed to comply with the expert discovery requirements of Rule 26(a)(2), the federal courts of this and other circuits have precluded the offending party from offering their expert's testimony. See, e.g., Amaya v. York Hosp., No.

1:04-CV-1081, 2005 WL 5988683, at *1-2 (M.D. Pa. Dec. 28, 2005) (belated production of expert report just three weeks before trial warranted exclusion of expert testimony and report); Cuffee v. Dover Wipes Co., 334 F. Supp. 2d 565, 572 (D. Del. 2004) (where plaintiff's attorney "dropped the ball" with respect to production of expert reports until one month before trial, defendants were prejudiced and report were excluded); Velez, 2004 WL 1175726, at *1 n.1 (supplemental expert report not submitted by 90-day deadline excluded).

Defendant first requested expert disclosures in this case back in 1999. Despite this, Plaintiffs never provided any of the required expert disclosures or written reports for any expert witnesses, including Mr. Verzilli. Plaintiffs did not even name Mr. Verzilli as a potential witness in the April 17, 2008 Proposed Final Joint Pretrial Order. The prejudice resulting from Plaintiffs' failure to make these disclosures is manifest and irreparable. Had Plaintiffs made the proper disclosures in a timely fashion, Defendant would have had time to review the expert's report, examine his credentials, take his deposition, and, if necessary, find an expert of its own to rebut Mr. Verzilli's testimony. Plaintiffs' failure to follow the Federal Rules has deprived Defendant of these opportunities, and Defendant would suffer extreme prejudice if Plaintiffs were permitted, in the middle of trial, to offer a previously undisclosed expert to testify regarding Carnation's damages.

This Court has already recognized the prejudice resulting from Plaintiffs' failure to make the required expert disclosures. In its May 1, 2008 Order, the Court barred Plaintiffs from calling any expert witnesses due to their failure to adhere to the requirements of Rule 26(a)(2). (See Exhibit A at ¶17). As a result, Plaintiffs were not permitted to call expert witnesses during the liability and compensatory damages phase of this case. Plaintiffs have provided no compelling reason, and indeed none exists, for the Court to deviate from its prior Orders. To allow Plaintiffs to present the proposed expert testimony would irreparably prejudice

Defendant and further delay the trial and final conclusion of this case. Consequently, the Court should grant Defendant's motion to preclude testimony from Plaintiffs' expert Andrew Verzilli.[3]

III.     CONCLUSION

Here, through their continuing failure to comply with the Federal Rules of Civil Procedure, Plaintiffs have precluded themselves from introducing testimony from an expert witness. (See Exhibit A, at ¶17). Without any expert testimony illustrating the impact of a lump sum payment on Carnation's potential tax liability, Plaintiffs cannot satisfy their burden to "show the extent of the [tax] injury they have suffered." See Eshelman, at *30. Consequently, this Court should preclude Plaintiff Carnation from recovering relief for negative tax consequences

---

[3] Indeed, unlike Plaintiffs here, Eshelman properly declared Mr. Verzilli as an expert prior to trial, and listed him as an expert on damages in her pre-trial memorandum. (See Ex. B). In fact, Eshelman informed both the defendant and the court of her intent to seek relief for tax consequences prior to trial. Plaintiffs offer no explanation for why they failed to follow such a procedure here.

and from introducing any evidence pertaining to such relief at his hearing for front and back pay.[4]

                                          Respectfully submitted,

                                          _/s/_ George A. Voegele    _gav1718_
                                          MARK J. FOLEY
                                          DEXTER HAMILTON
                                          GEORGE A. VOEGELE, JR.
                                          Cozen O'Connor
                                          1900 Market Street
                                          Philadelphia, PA  19103-3508
                                          (215) 665-5595

                                          Attorneys for Defendant
                                          City of Philadelphia

Dated:  March 2, 2009

---

[4] As the Third Circuit noted in Eshelman, District Courts have broad discretion to refuse relief for negative tax consequences. 2009 WL 223858, at *13. At a minimum, Plaintiff Carnation's failure to produce his tax returns prior to trial despite repeated requests from Defendant, his vehement opposition to Defendant's legitimate efforts to obtain those returns from the IRS, and his failure to file and/or preserve his tax returns for multiple years during the back pay period make a supplemental tax-based award highly inappropriate in this case.

CERTIFICATE OF SERVICE

   I hereby certify that on this 2nd day of March 2009, I caused to be served a true and correct copy of the foregoing Defendant's Motion in Limine to Exclude Plaintiffs' Expert Andrew Verzilli and to Preclude Plaintiffs From Seeking Tax Impact Relief by electronic filing upon Plaintiffs' counsel:

    Brian M. Puricelli, Esquire
    Kravitz and Puricelli
    691 Washington Crossing Road
    Newtown, PA 18940


    /s/ George A. Voegele, Jr.    gav1718
    GEORGE A. VOEGELE, JR.